

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
x
24 SEVEN, INC.,

      Plaintiff,

  -against-

ALICIA FAZIO, CAREER GROUP, INC. and
FOURTHFLOOR FASHION TALENT, INC., a
division of Career Group, Inc.,

      Defendants.

-----------------------------------------------------------
x

Civil Docket No. 09-CV-5512

## CONFIDENTIALITY AGREEMENT AND CONSENT ORDER

**WHEREAS**, 24 Seven Inc. ("Plaintiff") and Alicia Fazio ("Fazio"), Career Group, Inc. and FourthFLOOR Fashion Talent, Inc. ("Defendants") are parties in the above-captioned action; and

**WHEREAS**, certain materials and information likely to be disclosed during the pendency of this case or as part of discovery contain confidential information; and

**WHEREAS**, the parties wish to ensure that such confidential information shall not be used for any purpose other than the above-captioned action and only as permitted by this Confidentiality Agreement; and

**WHEREAS**, each of the parties recognizes that use, disclosure or dissemination of such information other than as expressly permitted herein may cause harm to the entity to which the information belongs and each of the parties represents that it has no intention to use any confidential information obtained from the other for any purpose other than the above-captioned action and any judicial review thereof;

NY1 26575339.2

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties and their respective attorneys, as follows:

1. This Confidentiality Agreement ("Agreement") governs the handling of documents, responses to document requests, interrogatories, requests for admissions, or other information requests, deposition testimony, and other written, recorded, graphic, or other matter produced in the above-captioned action ("Discovery Material"), which has been designated "Confidential" by any party. Discovery Material which has been designated "Confidential" and/or information derived from Discovery Material which has been designated "Confidential" is referred to herein as "Confidential Material." The parties agree that if there is a request for any material or business records for which, in addition to the good faith claim of confidentiality referenced above, disclosure would give Plaintiff or Defendants or other person or entity to which the information may be disclosed an unfair competitive advantage, the producing party, as defined below, will not produce such material absent a designation that these materials be treated as "Attorney's Eyes Only."

2. Confidential Material or materials designated "Attorney's Eyes Only" shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and for no other purposes whatsoever, as set forth in paragraph 3 and 4 below.

3. Under no circumstances other than those specifically provided for in this Agreement, as otherwise required by law, or with the express and specific consent in writing of the party which produced the Confidential Material (the "Producing Party") shall a party receiving such information (the "Receiving Party") in any way whatsoever reveal, disclose, or otherwise make known Confidential Material to any person other than the following:

   (a) the Receiving Party or any officer, director, employee, agent, or partner of

2

NY1 26575339.2

a Receiving Party (or a parent, subsidiary or affiliate of that Receiving Party);

  (b) counsel of record in this action for the Receiving Party, employees of such counsel assisting in the conduct of this action and outside contractors hired to copy, index, sort, analyze or otherwise manage the storage and retrieval of discovery materials;

  (c) expert witnesses, provided such expert witnesses first agree in writing in the form attached hereto to be bound by the terms of this Agreement and confirm that they have read the Agreement in its entirety;

  (d) prospective third party witnesses from whom the Receiving Party, in good faith, intends to elicit testimony relating to such Confidential Material, in deposition, at trial, or in affidavit form, provided such anticipated witnesses first agree in writing in the form attached hereto to be bound by the terms of this Agreement and confirm that they have read the Agreement in its entirety;

  (e) any person who, on the face of the document, is listed as an author or recipient of the document sought to be disclosed;

  (f) the personnel of the court in which this action has been filed in the ordinary course of this action;

  (g) court reporters who record testimony taken in the course of this litigation; and

  (h) any other person agreed to by the parties or otherwise authorized by the Court.

4. Information or documents designated as "Attorneys' Eyes Only" shall not be disclosed to any person, except:

  (a) counsel of record in this action for the Receiving Party, employees of such

counsel assisting in the conduct of this action and outside contractors hired to copy, index, sort, analyze or otherwise manage the storage and retrieval of discovery materials;

(b) any person who, on the face of the document, is listed as an author or recipient of the document sought to be disclosed, provided that such person shall not be given possession of the original or a copy of any documents designated "Attorneys' Eyes Only" or that contain information designated as "Attorneys' Eyes Only" but may discuss the contents of such documents with counsel in this case and may view such documents only in the presence of such counsel;.

(c) Fazio and employees of Defendants assisting in the defense of this action, provided that these individuals shall not be given possession of the original or a copy of any documents designated "Attorneys' Eyes Only" or that contain information designated as "Attorneys' Eyes Only" but may discuss the contents of such documents with counsel in this case and may view such documents only in the presence of such counsel;

(d) expert witnesses, provided such expert witnesses first agree in writing in the form attached hereto to be bound by the terms of this Agreement and confirm that they have read the Agreement in its entirety;

(e) prospective third party witnesses from whom the Receiving Party, in good faith, intends to elicit testimony relating to such Confidential Material, in deposition, at trial, or in affidavit form, provided such anticipated witnesses first agree in writing in the form attached hereto to be bound by the terms of this Agreement and confirm that they have read the Agreement in its entirety;

(f) the personnel of the court in which this action has been filed in the ordinary course of this action;

(g) court reporters who record testimony taken in the course of this litigation; and

(h) any other person agreed to by the parties or otherwise authorized by the Court.

5. Notwithstanding the foregoing, during deposition or trial testimony, counsel may disclose Confidential or "Attorneys' Eyes Only" materials produced by a Producing Party to current employees and officers of the Producing Party.

6. A Producing Party may designate Discovery Material as "Confidential" if such party believes that the Discovery Material constitutes or would disclose confidential or proprietary information within the following categories of information: (a) personnel information of employees not parties to this action, (b) previously non-disclosed financial information relating to the financial performance of Plaintiff or Defendants, their business divisions, or Plaintiff or Defendants investments or holdings, (c) previously non-disclosed business plans, product development information, or marketing plans, (d) identities of clients, contacts, or candidates or other trade secret or confidential information; or (e) any other category of information hereinafter given confidential status by the Court. A Producing Party may designated Discovery Material as "Attorney's Eyes Only" if such party believes, in good faith, that disclosure would cause direct harm to the competitive position of the Producing Party if such information were to be disclosed or is so competitively sensitive that its disclosure could materially affect the business, commercial or financial interests of the Producing Party. Discovery Material may be designated "Confidential" or "Attorney's Eyes Only" by placing the legend "Confidential" or "Attorney's Eyes Only" on each page prior to production or, with respect to a multi-page document, by placing the legend "Confidential" or "Attorney's Eyes

Only" on the first page of the document, provided that the multi-page document is securely bound. Deposition testimony may be designated as "Confidential" by providing notice at the deposition or as soon as practicable thereafter that all or specified portions of the deposition testimony shall be treated as Confidential Material.

7. An inadvertent failure to designate any Discovery Material as "Confidential" or "Attorney's Eyes Only" pursuant to paragraph 4 may be corrected by written notice to the Receiving Party given as soon as practicable. However, such written notice shall not prejudice the right of the Receiving Party to treat the Discovery Material as non-confidential during the period in which it was not designated as "Confidential" or "Attorney's Eyes Only" pursuant to this Agreement. In the event written notice is provided, the Receiving Party shall take immediate steps to safeguard the materials in accordance with paragraph 12, below.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances or additional categories of documents), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the designating person will promptly convene a joint telephone call with the Court to obtain a ruling. Confidential Material or Attorney's Eyes Only material shall remain confidential until otherwise ordered by the Court.

9. In the event counsel for any party determines to file with this Court any Confidential Material or material designated "Attorney's Eyes Only," such counsel shall, before filing, place such materials in a sealed envelope labeled as follows: "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY AGREEMENT AND CONSENT ORDER".

Documents so labeled shall be kept by the Court under seal for as long as they retain their status as Confidential Materials or materials designated Attorney's Eyes Only, and shall be made available only to the Court or persons authorized by the terms of this Agreement to have access thereto. Upon failure of the filing party to so file a document under seal, the Producing Party, person, or entity, or any party claiming confidentiality with respect thereto, may move the Court to place any Confidential Material or material designated Attorney's Eyes Only under seal.

10. Third Parties who have received Confidential Information or materials designated Attorney's Eyes Only shall be permitted to invoke the terms of this Confidentiality Agreement for protection of the materials as if it were a party.

11. This Agreement has no effect upon, and its scope shall not extend to, any Producing Party's use of its own Confidential Material or material designated Attorney's Eyes Only.

12. The inadvertent production of any privileged or otherwise protected Discovery Material shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work-product materials, or the subject-matter thereof. Upon receiving notice from a Producing Party that privileged or otherwise protected Discovery Materials have been inadvertently produced, the receiving Party shall immediately cease any review of all such Materials and refrain from having any discussions concerning such Materials. The receiving Party shall further return all such Materials to the producing Party within three working days of receipt of such notice, destroy all copies, images, extracts or summaries thereof, and provide written confirmation of such destruction. The return of any inadvertently produced Discovery Material is without prejudice to

7

the right to challenge any claim of privilege. Moreover, the inadvertent production of any such Discovery Material shall not be deemed a waiver of any privilege.

13. Nothing in this Agreement shall prevent any party from seeking or requiring confidentiality protections beyond those called for in this Agreement.

14. Upon conclusion of this action and any appeals thereof, all Confidential Material or materials designated Attorney's Eyes Only and all copies thereof, together with any written agreement signed by an individual to whom materials were disclosed pursuant to Section 3(c) and 3(d) of this Agreement, shall, at the request of the Producing Party, be returned to counsel of record for the Producing Party within thirty (30) days of the request of the Producing Party.

15. This Agreement may be executed by counsel for the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original but all such counterparts together shall constitute one and the same instrument.

Dated: June 23 2009
New York, New York

SEYFARTH SHAW LLP

By: _____
Richard Reice
David Monachino
Brian Murphy
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for Plaintiff*

SO ORDERED:

_____
The Honorable Lewis A. Kaplan
United States District Judge

NY1 26575339.2

TANNENBAUM, HELPERN, SYRACUSE & HIRSCHTRITT

By: _____
Paul Sarkozi
Joel Klarreich
John Greene
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Defendants*

Dated: New York, New York
June __, 2009

8